MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
michelle.kane3@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 13-00352-1 YGR |
| Plaintiff, | ) <br> ) UNITED STATES' SUPERVISED RELEASE <br> ) VIOLATION HEARING MEMORANDUM |
| v. | ) <br> ) Date: November 13, 2013 |
| JAMES RATLIFF, | ) Time: 9:00 a.m. <br> ) Courtroom: Hon. Yvonne Gonzalez Rogers |
| Defendant. | ) <br> ) |

The United States of America, by and through its counsel of record, Assistant United States Attorney Michelle J. Kane, hereby submits this supervised release violation memorandum setting forth a summary of: (1) the current status of the case; (2) the relevant procedural history and the current petition; (3) the maximum statutory penalties and Sentencing Guidelines calculations for the pending violation; (4) defendant's criminal history; (5) anticipated evidentiary issues at the hearing; and (6) the government's anticipated witnesses. The United States will supplement this memorandum with any additional necessary information prior to the hearing.

## I. CASE SCHEDULING AND CUSTODY STATUS

The hearing is set to begin at 9:00 a.m. on November 13, 2013. Defendant made his initial

U.S. SUP. REL. VIOL. HRG MEM.
CR 13-352-1 YGR

appearance on the Petition for Summons for Offender Under Supervision on June 12, 2013. The defendant was not ordered detained pending the resolution of the Petition.

## II.   PROCEDURAL HISTORY AND CURRENT PETITION

On January 13, 2006, Judge Wayne R. Andersen of the United States District Court for the Northern District of Illinois sentenced Defendant to fifty-five months of imprisonment and five years of supervised release after defendant entered a plea of guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1). Defendant's supervision commenced on December 18, 2009. On December 2, 2012, the Hayward Police investigated an incident in which victim M.M. reported that defendant grabbed, punched, and choked her. On June 3, 2013, the defendant's Probation Officer filed a Petition for Summons for Offender Under Supervision, alleging that defendant's conduct on December 2, 2012, violated the condition of his release that he not commit another federal, state, or local crime. (Dkt. No. 2). The Petition specifically alleges that the defendant violated California Penal Code Sections 273.5 – Domestic Violence and 236 – False Imprisonment.

At the hearing, the United States will prove by a preponderance of the evidence that defendant violated the condition of his release that he not commit another federal, state, or local crime by violating California law, including:

- California Penal Code Section 241(a) – simple assault;
- California Penal Code Section 243(a) – simple battery;
- California Penal Code Section 243(e)(1) – battery on a person with whom defendant is in a dating relationship;
- California Penal Code Section 236 and 237 – false imprisonment accomplished by violence, menace, fraud, or deceit.

Based on the information in the Petition and in the Hayward police report, it appears that California Penal Code Section 273.5, although cited in the Petition, is not applicable in this case.

## III.   MAXIMUM PENALTIES AND GUIDELINES CALCULATION

Defendant's underlying conviction is a Class C felony. He was in Criminal History Category I at the time of sentencing. Because the Petition alleges conduct constituting a state offense punishable by a term of imprisonment exceeding one year that is a crime of violence, as defined in U.S.S.G. § 4B1.2, the

violation is classified as Grade A. Therefore, defendant's statutory maximum term of imprisonment for the present supervised release violation is two years pursuant to 18 U.S.C. § 3583(e)(3). Defendant's Guidelines range is twelve to eighteen months of imprisonment. U.S.S.G. § 7B1.4(a)(1).

## IV.    DEFENDANT'S CRIMINAL HISTORY

According to the Presentence Report for defendant's underlying conviction, defendant has four juvenile arrests with unknown dispositions. The first, in 1994, was for vandalism. The second, in 1994, was for transportation or sale of a controlled substance. The third, in 1996, was for evading a police officer, hit and run, and property damage. The fourth and final juvenile arrest in 1997 was for reckless driving and driving without a license. Defendant was also arrested in 2000 for assault with a deadly weapon, resisting a police officer, and driving on a suspended driver's license. The Presentence Report reflects that the District Attorney's Office did not proceed with the case. Defendant therefore has no criminal convictions other than the one for which he is currently on supervised release.

## V.    EVIDENTIARY ISSUES

### A.    Burden of Persuasion and Preponderance of the Evidence

To revoke a defendant's supervised release, 18 U.S.C. § 3583(e)(3) dictates that the district court must find only by a preponderance of the evidence that a defendant violated a condition of supervised release. *See e.g., United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003). Even though a defendant may face incarceration as a result, the standard remains that a judge need only find by a preponderance of the evidence that the defendant committed the alleged violation. *Johnson v. United States*, 529 U.S. 694, 700 (2000) ("Although such violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt."); *see United States v. King*, 608 F.3d 1122, 1126-1127 (9th Cir. 2010).

### B.    Hearsay Admissible

The Federal Rules of Evidence do not apply in supervised release revocation proceedings, and hearsay evidence is admissible. Federal Rule of Evidence 1101(d)(3) specifies that the Federal Rules of Evidence do not apply in proceedings related to the revoking of probation. As parole, probation and supervised release revocation hearings are "constitutionally indistinguishable and are analyzed in the

U.S. SUP. REL. VIOL. HRG MEM.
CR 13-352-1 YGR                                3

same manner," the Federal Rules of Evidence do not apply in proceedings related to the revoking of supervised release. *United States v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005); *see United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999) (noting that the Supreme Court and the Federal Rules of Criminal Procedure have extended the same minimum due process rights to all three types of revocation proceedings); *see also United States v. Walker*, 117 F.3d 417, 421 (9th Cir. 1997) ("We...hold that the Federal Rules of Evidence do not apply to proceedings to revoke supervised release.").

Further, hearsay evidence has specifically been found to be admissible in supervised release revocation hearings. Defendant does, however, have minimal rights under the due process and confrontation clauses of the Constitution. *See Walker*, 117 F.3d at 420. As a result, hearsay evidence is admissible if a minimal balancing test is passed. For hearsay evidence to be admissible, the Court must weigh a releasee's interest in his right to confrontation against the Government's good cause for denying it. *United States v. Comito*, 177 F.3d at 1170. As stated in *Walker*:

> The defendant's right to confrontation is weighed under the specific circumstances presented. In conducting the balancing test, the trial court may consider the importance of the evidence to the court's finding, the releasee's opportunity to refute the evidence, and the consequences of the court's finding. The trial court might also consider the difficulty and expense of procuring witnesses and the traditional indicia of reliability borne by the evidence.

117 F.3d 417 at 420. Courts in the Ninth Circuit have specifically found police reports and non-certified copies of judgments admissible under this standard. *United States v. Johnson*, 2006 WL 1581777, *4 (D. Alaska 2006). In *United States v. Carthen*, 681 F.3d 94, 101 (2d Cir. 2012), the court recognized the difficulty of securing the testimony of domestic violence victims and affirmed the district court's decision to admit the victim's hearsay statement in a supervised release hearing.

**C.      Impeachment of Testifying Defendant**

**1.      Scope of Cross-Examination and Federal Rule of Evidence 404(b)**

A defendant who testifies at trial or a hearing waives his right against self-incrimination and subjects himself to cross examination concerning all matters reasonably related to the subject matter of his testimony. The scope of the defendant's waiver is co-extensive with the scope of relevant cross examination. *United States v. Cuozzo*, 962 F.2d 945, 948 (9th Cir. 1992); *United States v. Black*, 767 F.2d 1334, 1341 (9th Cir. 1985) ("What the defendant actually discusses on direct does not determine

the extent of permissible cross examination or his waiver. Rather, the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony"). To that end, Federal Rule of Evidence 404(b) "restricts the use of evidence solely for purposes of demonstrating a criminal proclivity. It does not proscribe the use of other act evidence as an impeachment tool during cross examination." *United States v. Gay*, 967 F.2d 322, 328 (9th Cir. 1992). Accordingly, the underlying conduct of Defendant's prior conviction and prior arrests may be the subject of proper impeachment if: (1) Defendant testifies; and (2) the underlying conduct is reasonably related to the subjects covered on direct examination. The United States has disclosed all prior police reports and conviction records that are currently in its possession.

## 2.    Defendant's Prior Conviction

Evidence of a defendant's prior conviction is admissible for impeachment purposes under Federal Rule of Evidence 609(a)(1), which provides in relevant part, "evidence that an accused has been convicted of . . . a [felony] crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." As Rule 609 provides, and the case law supports, any felony, regardless of whether it involves moral turpitude, may be used to impeach the credibility of a witness. *United States v. White*, 463 F.2d 18, 20 (9th Cir. 1972); *United States v. Michaelson*, 453 F.2d 1248, 1249 (9th Cir. 1972); *Nutter v. United States*, 412 F.2d 178, 181-82 (9th Cir. 1969).

In balancing the probative value of the prior conviction for impeachment purposes with its prejudicial effect, the court should consider the following five factors: (1) the impeachment value of the prior crime; (2) the time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000); *United States v. Givens*, 767 F.2d 574, 579 (9th Cir. 1985) (citing *United States v. Cook*, 608 F.2d 1175, 1185 n.8 (9th Cir.1980), overruled on other grounds, *Luce v. United States*, 469 U.S. 38 (1984)).

The Ninth Circuit has held that a drug conviction, such as defendant's, is directly probative of a witness' veracity. *United States v. Alexander,* 48 F.3d 1477, 1488 (9th Cir. 1995) (admitting prior drug conviction of testifying defendant in robbery trial); *see also United States v. Cordoba*, 104 F.3d 225, 229

U.S. SUP. REL. VIOL. HRG MEM.
CR 13-352-1 YGR                                          5

(9th Cir. 1997) (finding conviction for possession with intent to distribute cocaine admissible as probative of veracity). Second, the drug conviction is less than ten years old and defendant remains on supervised release for the offense. As to the third factor, there is no similarity between the drug conviction and the assault that forms the basis of defendant's current alleged supervised release violation, reducing any concern that the evidence would be used to establish criminal proclivity. Finally, if defendant testifies, the United States anticipates that his credibility regarding the alleged conduct will be central to his defense. Therefore, if defendant testifies at the hearing, the Court should admit evidence of his drug conviction for purposes of impeachment.

## VI.   WITNESS LIST

- Officer Rodney Johnson, Hayward Police Department. Officer Johnson will testify about the events of December 2, 2012, including his interview of the victim.

- Bobbit Elvina, ISD. Mr. Elvina will testify about the events of December 2, 2012. Mr. Elvina will testify with the assistance of a court-certified Tagalog interpreter, which the United States will provide.

- Richard Garcia, ISD. Mr. Garcia will testify about the events of December 2, 2012.

- Jenna Russo, United States Probation Officer. Ms. Russo will testify regarding her interview of the victim.

## VII.   CONCLUSION

The United States respectfully requests leave to file such supplemental memoranda as may be necessary before or during the hearing in this case.

Dated: November 7, 2013.                    Respectfully submitted,


                                            MELINDA HAAG
                                            United States Attorney



                                                 /s/
                                            MICHELLE J. KANE
                                            Assistant United States Attorney


U.S. SUP. REL. VIOL. HRG MEM.
CR 13-352-1 YGR                    6